# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
NADIA ISRAEL,
                     Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                     Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

No. 22-690V

Special Master Christian J. Moran

Filed: January 12, 2026

Bruce William Slane, The Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner;
Julianna Rose Kober, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Nadia Israel ("petitioner") alleged that the influenza ("flu") vaccine she received on November 6, 2020 caused her to suffer injuries including a shoulder injury related to vaccine administration ("SIRVA"), left subacromial/subdeltoid bursitis, left supraspinatus tendinosis, left shoulder impingement, left shoulder bicipital tendinitis, left rotator cuff syndrome, left shoulder stiffness, left shoulder rotator cuff tear, and left bicep tear. On January 9, 2026, petitioner filed a status report requesting a decision dismissing her petition.[2]

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

[2] Petitioner's status report is being construed as a motion to dismiss her petitioner pursuant to 42 U.S.C. § 300aa-21(a)(2).

I.  **Procedural History**

Petitioner filed a petition for compensation on June 17, 2022, alleging that the flu vaccine she received on November 6, 2020 caused her to suffer injuries including SIRVA, left subacromial/subdeltoid bursitis, left supraspinatus tendinosis, left shoulder impingement, left shoulder bicipital tendinitis, left rotator cuff syndrome, left shoulder stiffness, left shoulder rotator cuff tear, and left bicep tear.  Pet., filed June 17, 2022, at 1.  She filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on September 17, 2024, contesting entitlement.  The Secretary argued that petitioner did not provide preponderant evidence to satisfy the Table requirements for SIRVA, specifically noting that petitioner's medical records did not preponderantly establish that her left shoulder pain began within the requisite 48 hours after vaccination.  Resp't's Rep. at 7.

The Secretary also argued that petitioner had not provided preponderant evidence satisfying causation of the Althen prongs between her condition and the flu vaccine.  Id. at 8-9.  Further, the Secretary noted that petitioner had not submitted an expert report in support of his claim, nor other reliable medical evidence from petitioner's medical records supporting causation sufficient to meet his burden of proof.  Id. at 9.

The undersigned issued an order for a status conference that was held on October 28, 2024.  At the status conference, the parties disputed onset and proposed a fact hearing.  The undersigned ordered petitioner to file any affidavits.  Petitioner filed several affidavits.  Exhibits 17-23.  A one-day hearing was held on August 26, 2025.  During the hearing, evidence was presented that reduced the credibility of petitioner's testimony and affidavit.  Exhibit A; see exhibits 31 and 34.  A status conference was held on November 17, 2025 to discuss these records related to a lawsuit filed in Denver, Colorado that petitioner's affidavit averred she never filed.

An order was issued on November 25, 2025 that advised that due primarily to petitioner's inaccurate statement under oath, her case was not likely to prevail in litigation.  Petitioner responded to the order filing a status report requesting dismissal.  Pet'r's Rep., filed Jan. 9, 2026.

## II. <u>Analysis</u>

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  <u>See</u> §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and affidavits.  Nonetheless, petitioner wishes to have her claim dismissed and judgment entered against them.  Petitioner request for dismissal is being construed as a request for dismissal pursuant to 42 U.S.C. § 300aa-21(a)(2).  Pet'r's Rep., filed Jan. 9, 2026.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  For an on-Table SIRVA claim, petitioner must establish, among other facts, that she developed pain within 48 hours of the vaccination.  See 42 C.F.R. § 100.3(a)(XII)(A).  The evidence does not support this finding.

For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim.  Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

<u>Althen v. Sec'y of Health & Hum. Servs.</u>, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioner did not propose a medical theory causally connecting the vaccinations with the injury.  Petitioner did not provide an expert report or other reliable evidence connecting her vaccinations with her injuries.  Petitioner stated that she understands that a decision by the undersigned dismissing her petition will

3

result in a judgment against her. Pet'r's Rep., filed Jan. 9, 2026. Petitioner has therefore not met her burden for either an on-Table or off-Table claim.

**Thus, the Motion for Dismissal is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
